Slip Op. 14- 14

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TIANJIN WANHUA CO., LTD., <br><br> Plaintiff, <br><br> SICHUAN DONGFANG INSULATING MATERIAL CO., LTD. and FUWEI FILMS (SHANDONG) CO., LTD., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> MITSUBISHI POLYESTER FILM, INC. and SKC, INC., <br><br> Defendant-Intervenors. | Before: Jane A. Restani, Judge <br><br> Consol. Court No. 12-00095 |

**OPINION**

[Plaintiffs' motion for judgment on the agency record in antidumping case denied. Defendant's motion to dismiss for failure to state a claim granted.]

Dated: February 12, 2014

David J. Craven, David A. Riggle, and Saichang Xu, Riggle & Craven, of Chicago, IL, for plaintiff and consolidated plaintiffs.

Loren M. Preheim, Senior Trial Counsel, and David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With them on the brief were Jane C. Dempsey, Trial Attorney, Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Michael T. Gagain, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

<u>Ronald I. Meltzer</u>, <u>Patrick J. McClain</u>, <u>David M. Horn</u>, and <u>Jeffrey I. Kessler</u>, Wilmer, Cutler, Pickering, Hale & Dorr, LLP, of Washington, DC, for defendant-intervenors.

Restani, Judge: Before the court is the motion for judgment upon the agency record pursuant to U.S. Court of International Trade Rule 56.2 filed by plaintiff Tianjin Wanhua Co., Ltd. and consolidated plaintiffs Sichuan Dongfang Insulating Material Co., Ltd. and Fuwei Films (Shandong) Co., Ltd. (collectively "plaintiffs"), seeking remand to the U.S. Department of Commerce ("Commerce") with instructions to preclude Commerce from using zeroing in the antidumping administrative review at issue. <u>See</u> Pl.'s Rule 56.2 Mot. for J. upon the Agency R., ECF No. 41. Any other claims raised by the complaints are waived for failure to present them in briefing before the court. <u>See</u> USCIT R. 56.2(c).[1] In response, defendant United States ("the Government") filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to U.S. Court of International Trade Rule 12(b)(5). <u>See</u> Def.'s Mot. to Dismiss, ECF No. 45.

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2006). Commerce's determinations, findings, and conclusions will be upheld unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

The crux of plaintiffs' argument is that Commerce inadequately explained how 19 U.S.C. § 1677(35) permits an interpretation that allows for differing applications of zeroing in antidumping investigations and reviews, citing <u>JTEKT Corp. v. United States</u>, 642 F.3d 1378

---

[1] Remaining defendant-intervenors Mitsubishi Polyester Film, Inc. and SKC, Inc. have filed no motions seeking any relief.

(Fed. Cir. 2011) and <u>Dongbu Steel Co. v. United States</u>, 635 F.3d 1363 (Fed. Cir. 2011). The issue of law now before the court is no different from that presented to the Court of Appeals for the Federal Circuit ("Federal Circuit") in <u>Union Steel v. United States</u>, 713 F.3d 1101 (Fed. Cir. 2013) ("<u>Union Steel</u>"). In that case, Commerce explained that its differing applications of zeroing[2] are due to the contextual differences between antidumping investigations and administrative reviews, as well as Commerce's discretion to take necessary and statutorily permitted measures to meet international obligations. <u>See</u> <u>id.</u> at 1108–10. The Federal Circuit found Commerce's explanation adequate and, as a result, upheld Commerce's use of zeroing in administrative reviews. <u>See</u> <u>id.</u> at 1111.

      Plaintiffs have failed to put forth an argument distinguishing this case from <u>Union Steel</u>, and, in fact, concede that this court is bound by <u>Union Steel</u>. <u>See</u> Pls.' Combined Resp. & Reply, ECF No. 50. Accordingly, the court grants the Government's motion to dismiss for failure to state a claim and denies plaintiffs' motion for judgment on the agency record. Judgment will enter accordingly.

        /s/ Jane A. Restani
        Jane A. Restani
        Judge

Dated: February 12, 2014
     New York, New York

---

[2] For a detailed explanation of the zeroing practice and its history, see <u>Union Steel v. United States</u>, 823 F. Supp. 2d 1346 (CIT 2012).